J-S44034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAY T. SANDERS, | : | |
| | : | |
| Appellant | : | No. 2890 EDA 2017 |

Appeal from the PCRA Order August 12, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0703972-1999

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 05, 2018**

Jay T. Sanders ("Sanders") appeals from the Order dismissing his Petitions for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 14, 2003, following a bench trial, Sanders was found guilty of second-degree murder, robbery, carrying a firearm without a license, possessing an instrument of crime, and criminal conspiracy.  The trial court sentenced Sanders to an aggregate of life in prison that same day.  On June 9, 2005, this Court affirmed in part and vacated in part the judgment of sentence.  ***See Commonwealth v. Sanders***, 881 A.2d 889 (Pa. Super. 2005)

(unpublished memorandum).[1] Our Supreme Court denied allowance of appeal on December 5, 2005. *See Commonwealth v. Sanders*, 889 A.2d 1215 (Pa. 2005).

On June 19, 2006, Sanders filed his first PCRA Petition, which the PCRA court denied. This Court affirmed the denial, and our Supreme Court denied allowance of appeal. *Commonwealth v. Sanders*, 951 A.2d 1216 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 839 (Pa. 2008).

On July 13, 2012, Sanders filed his second PCRA Petition. In 2013, Sanders filed a Petition for Writ of Habeas Corpus regarding the absence of a sentencing order. Sanders filed another PCRA Petition on March 2, 2016, and a Memorandum of Law in support of that PCRA Petition on March 24, 2016. The PCRA court considered the Petitions together[2] and subsequently filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. The PCRA court dismissed

---

[1] This Court concluded that the offenses of second-degree murder and robbery merged for sentencing purposes, and accordingly directed the trial court to amend the sentencing order. *See Sanders*, 881 A.2d 889 (unpublished memorandum at 9).

[2] *See Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (stating that "nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review.").

Sanders's Petitions on August 12, 2017. Sanders filed a timely Notice of Appeal.[3]

On appeal, Sanders raises the following questions for our review:

1. Whether the PCRA court erred in d[ismissing] [Sanders's] post-conviction [P]etition as untimely filed when . . . [Sanders] established that his [newly-]discovered fact claims was [*sic*] within the plain language of the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) [and (b)(2)]?

2. Whether the PCRA court erred in [dismissing] [Sanders's] post-conviction [P]etition as untimely filed when [Sanders] established that both **Miller v. Alabama**, [567 U.S. 460] (2012); and **Montgomery v. Louisiana**, 136 [S. Ct.] 718 (2016), established a new method in obtaining relief, and was within the plain language of the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii)-(iii) [and (b)(2)]?

3. Did [t]he trial court abuse discretion or commit an error of law by reclassifying [Sanders,] a juvenile minor, as an adult, in violation of [Sanders's] statutory rights of 1 Pa.C.S.[A.] § 1991, without statutory authority, and lacking subject matter jurisdiction where the General Assembly 'never' gave authorization, therefore violating [Sanders's] Constitutional right to Equal Protection and Due Process, as govern under [*sic*] Pennsylvania Constitution Article I, §§ 9, 26; and Fifth and Fourteenth Amendment [*sic*]?

Brief for Appellant at iv.

This Court reviews the dismissal of a PCRA Petition on appeal to determine "whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012) (citation omitted).

---

[3] We note that on appeal, Sanders has not raised any claims regarding his Petition for Writ of Habeas Corpus.

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Sanders's judgment of sentence became final on March 6, 2006, when the time to seek review with the United States Supreme Court expired. **See** Sup. Ct. R. 13.1 (requiring a petition for a writ of *certiorari* to be filed within 90 days after entry of judgment). Because Sanders filed the instant PCRA Petition on July 13, 2012, it is facially untimely.

Nonetheless, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); **Albrecht**, 994 A.2d at 1094 (Pa. 2010).

Sanders first invokes the newly-discovered facts exception, and cites to an April 30, 2012 daily news article concerning a decision by the Philadelphia County District Attorney's Office not to seek the death penalty against an 18-

year-old defendant due to his age. *Id.* at 1-3. Sanders, who was 18 years old at the time he committed the crimes, argues that he "was not afforded the same privilege," and was consequently forced to proceed with a bench trial. *Id.* at 1.

Here, upon review of the record, Sanders has not proven the facts contained in the article. *See Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014) (stating that "the article contains allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation."); *see also Commonwealth v. Brown*, 141 A.3d 491, 501 (Pa. Super. 2016) (stating that "[a] claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the newly-discovered fact exception to the timeliness requirement, nor would such a claim, even if timely, entitle the petitioner to relief under the PCRA." (citation and brackets omitted)). Moreover, the actions of a prosecutor, in an unrelated case, have no bearing on Sanders's conviction and are not a basis for a timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii). Thus, Sanders has failed to invoke the newly-discovered fact exception. *See id.*

Sanders also invokes the newly-recognized constitutional right exception, arguing that *Miller* and *Montgomery* render his sentence illegal. *See* Brief of Appellant at 4-8, 11-14. The United States Supreme Court held in *Miller* that "mandatory life without parole for those under the age of 18 at

- 5 -

the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. In **Montgomery**, the Supreme Court held that the constitutionally right enunciated in **Miller** applied retroactively in state collateral proceedings. **Montgomery**, 136 S. Ct. at 734.

**Miller** and **Montgomery** are inapplicable to this case, as Sanders was 18 when he committed his crimes. **See** Brief for Appellant at 1; **see also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (noting that petitioners who were not juveniles at "the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."). Therefore, **Miller** and **Montgomery** do not apply, and Sanders cannot meet the newly-recognized right timeliness exception.[4]

Because Sanders's PCRA Petitions are untimely filed and he has failed to prove a timeliness exception, the PCRA court appropriately dismissed his Petitions.

Order affirmed.

---

[4] Sanders also asserts that the trial court committed abused its discretion and violated his rights to equal protection and due process by classifying Sanders as an adult. **See** Brief for Appellant at 9-11. Sanders's assertion does not invoke one of the three statutorily recognized timeliness exceptions. 42 Pa.C.S.A. § 9545(b)(1). To the extent Sanders attempts to extend the holding of **Miller** to defendants who are 18 years old at the time of the crime, this Court has rejected such a claim. **See Furgess**, 149 A.3d at 94.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/18